Bernard Sheldon LEVI, Personal Representative and interested heir on behalf of the deceased Mrs. Julia Ellen Waring and other interested heirs of the deceased Ellen Waring, Maureen Waring and Darlene Levi, Sisters, Appellant

v.

BROWN & WILLIAMSON TOBACCO CORPORATION, Individually and as successor in interest to the American Tobacco Co., et al., Appellees.

No. 12–7033.

United States Court of Appeals,
District of Columbia Circuit.

Aug. 14, 2013.

Bernard Sheldon Levi, pro se.

Peter John Biersteker, Paul R. Reichert, Jones Day, Cary Silverman, Shook, Hardy & Bacon LLP, Washington, DC, for Defendant–Appellee.

BEFORE: ROGERS, BROWN, and KAVANAUGH, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing and the motion for appointment of counsel, it is

**ORDERED** that the motion for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**ORDERED AND ADJUDGED** that the district court's order filed March 30, 2012, be affirmed. Under the circumstances presented here, appellant has failed to demonstrate he qualifies as either a "personal representative" within the meaning of the Wrongful Death Act, D.C.Code § 16–2701 et seq., or a "legal representative" under the Survival Act, D.C.Code § 12–101. The district court's dismissal of those claims was therefore appropriate. The district court also properly dismissed appellant's fraud claim for failure to meet Fed.R.Civ.P. 9(b)'s requirement that the circumstances constituting fraud or mistake be stated with particularity. *See United States ex rel. Williams v. Martin–Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1256 (D.C.Cir.2004). The facts alleged in the complaint do not suffice to meet that requirement. Nor did appellant plead fraudulent concealment with the requisite particularity. *See Firestone v. Firestone*, 76 F.3d 1205, 1211 (D.C.Cir.1996). And because appellant has not made out a claim for an underlying tort, appellant's conspiracy claim was also properly dismissed. *See Paul v. Howard University*, 754 A.2d 297, 310 n. 27 (D.C.2000).

The allegations contained the complaint do not touch on each of the elements necessary to make out a cause of action for deceptive trade practice, breach of warranty, and strict product liability. And, as to negligence, appellant failed to allege any relationship that would give rise to a duty of care owed by the appellees to appellant or to his mother. *See Powell v. District of Columbia*, 634 A.2d 403, 406 (D.C.1993). Moreover, the complaint fails to allege which constitutional right appellant believes was violated; nor does it contain any allegations suggesting any such violation. Finally, because loss of consortium depends upon the success of the underlying claims for injury, *see Murray v. Motorola, Inc.*, 982 A.2d 764, 771 n. 8 (D.C.2009), that claim was properly dismissed as well.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.